
Andrew J. Lambert
KALAMARIDES & LAMBERT
711 H Street, Suite 450
Anchorage, AK 9951
P: (907) 276-2135
F: (907- 278-8514
E: andrewj@kalamarides.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                                )<br>                  Plaintiff,          )<br>                                                                )<br>    v.                                                   )<br>                                                                )<br>VALERIE ROSE UNGER,                 )<br>                                                                )<br>                  Defendant.          )<br>_____) | Case No. 3:06-cr-00065-RRB<br><br>DEFENDANT'S<br>SENTENCING MEMORANDUM |

COMES NOW the Defendant, Valerie Unger, by and through her attorney, Andrew J. Lambert of KALAMARIDES & LAMBERT, and hereby files the sentencing memorandum pursuant to Local Criminal Rule 32.1()(1).

**PRESENTENCE REPORT**

The Defendant has not objections to the presentence report other than those previously filed.

**I.      OFFENSE CONDUCT**

The offense conduct is adequately set forth in the presentence report.

## II. PRESENTENCE REPORT CALCULATIONS

The presentence report calculations are set forth in the presentence report and there are no additional objections to the calculation other than those previously made.

## III. DOWNWARD DEPARTURE

USSG § 5H1.3 states that mental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted, except as provided in Chapter 5, part K, subpart 2. Mental and emotional conditions may be relevant in determining the conditions of probation or supervised release.

While mental and emotional conditions are normally not relevant to a downward departure, they can be when extraordinary circumstances are shown. In United States v. Roe, 976 F.2d 1216 (9th Cir. 1992), the Ninth Circuit adopted the rationale in United States v. Vela, 927 F.2d 197, 199 (5th Cir.) wherein the court stated:

> A defendant's family history of incest or related treatment which causes defendant to incur a mental or emotional condition that affects criminal conduct, may be a ground for departure in extraordinary circumstances. It is clear that the Sentencing Commission, while leaving open the possibility that the circumstances of a defendant's mental or emotional condition may be so extraordinary that departure from the guidelines is proper, did not consider these factors relevant in formulating the guidelines.

The Ninth Circuit noted that the guidelines do not specifically address the issue of childhood abuse. United States v. Roe, supra at 1217. However, in adopting the Fifth

USA v. Valerie Rose Unger
Case No. 3:06-cr-00065-RRB
Page 2
F:\Cases\Unger-Valerie\sent memo.wpd

Circuit's position, the Ninth Circuit noted that the psychological affects of child abuse manifests themselves in a variety of ways such as prolong feelings of inadequacy, isolation, confusion, low self-esteem and guilt. United States v. Roe, supra at 1218. The Ninth Circuit noted that these effects constitute either a mental or emotional condition and may be considered the basis for a downward departure in extraordinary circumstances. United States v. Roe, supra at 1218.

The record in Roe indicated that she lived with her drug-addicted mother and her mother's boyfriend, who was a narcotics dealer. Roe was beaten, raped and sodomized on a regular basis. Additionally, the defendant's mother's boyfriend on at least one occasion urinated in her mouth. This abuse continued for years until Roe ran away from home at the age of twelve.

After Roe left home, she continued to be abused and was forced to work as a prostitute. She was beaten by pimps, customers, and boyfriends.

Based on these facts, the Ninth Circuit Court of Appeals reversed the District Court's denial of a downward departure.

The presentence report shows that Unger's parents separated when she was two years old. PSR, paragraph 75. At the age of ten, the State of Alaska took custody of Unger from her mother because her mother was physically abusing her. PSR, paragraph 75.

Between the ages of two and ten, it appears that Unger was sexually abused by her maternal aunt and uncle. This sexual abuse continued for eight years. PSR, paragraph 75. What can only be deemed the result of physical and sexual abuse, at the age of six Unger was taken to the Alaska Native Services for very bad anger problems. PSR, paragraph 80. It appears that Unger's anger problems stem directly from the sexual abuse. PSR, paragraph 80.

At the age of ten, Unger was taken to Providence Hospital and was treated for Attention Deficit Disorder and behavioral issues for two years. PSR, paragraph 81. At the age of twelve she was sent to the Aspen Ranch in Loa, Utah, for anger management after being released from th Providence Discovery Program. PSR, paragraph 81. She was terminated from the program after three and a half months and became anorexic during her stay. PSR, paragraph 81.

The mental health records available indicate that in 1997 Unger was given a psychological evaluation wherein she was deemed to be depressed, had Attention Deficit Hyperactivity Disorder and was in the need of medication and treatment for her condition as well as therapy to cope with her feelings surrounding her family situation. PSR, paragraph 82.

Based on Ms. Unger's behaviors, she was institutionalized at McLaughlin Youth Center in 1998. PSR, paragraph 83. An outline of her behavior and treatment is set forth in the presentence report. PSR, paragraph 83.

It appears that Ms. Unger is clearly suffering from the effects of either a mental or emotional condition. The length of the physical abuse by her mother and the sexual abuse by her and aunt and uncle have caused her to have profound feelings of inadequacy, isolation, confusion, low self-esteem, and guilt. It has effected her ability to conduct life on a daily basis, work and raise her children. It has caused her to be a twenty-two year old women with multiple children who is uneducated and unskilled and has difficulty coping with life on an everyday basis from a mental and emotional standpoint. As such a downward departure is warranted.

**IV.    SENTENCING RECOMMENDATION**

While Ms. Unger has committed a number of offenses over a relatively short period of time, it appears they are the type of offenses that stem directly from her mental and emotional conditions. It is clear since she was a very young child she has had difficulty coping with life on a daily basis. It appears that her only option in her mind since she is uneducated and unskilled is to embark on impulsive behavior to obtain money from a source that would allow her to provide the basic needs for herself and her children.

Initially, the government indicated that they believe the sentencing range was in twelve to eighteen months and a sentence in that range would be appropriate. Now that it has been determined that the sentencing range is greater the government is now asking for an increased sentence. Since the guidelines are only advisory, the court is within its decision making authority to depart from the guideline ranges. As such, a sentencing range of six to twelve months would be more than appropriate and would serve as deterrence not only to Ms. Unger but as to others similarly situated.

Ms. Unger has no objection to the restitution. No fine is warranted based on the agreement with the government at the change of plea and the fact that Ms. Unger does not have the ability to pay a fine. Supervised released of two to three years would be appropriate.

DATED this 22nd day of January, 2007, at Anchorage, Alaska.

                                              KALAMARIDES & LAMBERT
                                              Attorneys for Defendant

By:   /s/ Andrew J. Lambert
       Andrew J. Lambert, ABA #8606027
       KALAMARIDES & LAMBERT
       711 H Street, Suite 450
       Anchorage, AK 9951
       P: (907) 276-2135
       F: (907- 278-8514
       E: andrewj@kalamarides.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies, pursuant to App. R. 513.5, that the font used in the aforementioned documents was Times New Roman 13 point. I further certify that a true and correct copy of the foregoing was served via **electronic mail** this 22nd day of January, 2007, on:

Retta-Rae Randall
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513

    /s/ Andrew J. Lambert
      Kalamarides & Lambert