PROB 12C
(7/93)

# United States District Court
## for the
## District of Alaska

Petition for Warrant or Summons for Offender Under Supervised Release

RECEIVED
JUL 21 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| Name of Offender: Valerie Unger | Case Number: 3:06-cr-00065 RRB -01 |
| Sentencing Judicial Officer: | Ralph R. Beistline, U.S. District Court Judge |
| Date of Original Sentence: | January 26, 2007 |
| Original Offense: | Uttering & Possessing A Counterfeited Security |
| Original Sentence: | 18 months imprisonment, 3 years supervised release, $6,332.05 restitution |
| Date Supervision Commenced: | May 9, 2008 |
| Asst. U.S. Attorney: Retta Randall | Defense Attorney: Andrew Lambert |

**PETITIONING THE COURT**

[X]  To issue a warrant
[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Standard Condition of Supervision 9, "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer," in that on May 9, 2008, the offender married a convicted felon, Robert King, without approval of the probation officer. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on May 10, 2008, the offender used marijuana, and on May 12, 2008, admitted to using marijuana. This violation is a Grade C violation. |

| | |
|---|---|
| 3 | The defendant has violated the Special Condition of Supervision "The offender shall not consume, prepare, or purchase alcohol of any kind in any amount, including wine and beer, and shall not enter any establishment which serves alcohol except for a bonafide restaurant, where she may consume only food and non-alcoholic beverages. The offender shall submit to any method of testing required by the U.S. Probation/Pretrial Supervision Officer for determining whether the offender is consuming alcohol," in that On July 16, 2008, the offender consumed alcohol. This violation is a Grade C violation. |
| 4 | The defendant has violated the Standard Condition of Supervision 3, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer," in that on July 17, 2008, the offender gave a false report to her probation officer about her residence. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

   [X]   Revoked
   [ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

                                       Respectfully submitted,

                                       __REDACTED SIGNATURE__
                                       Eric D. Odegard
                                       Supervising U.S. Probation/Pretrial Services
                                       Officer
                                       Date: July 18, 2008

THE COURT ORDERS

[✓]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate*

Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    Other:

REDACTED SIGNATURE

Ralph R. Beistline
U.S. District Court Judge

7/21/08
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: 3:06-cr-00065-01 RRB |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| Valarie Unger ) | |

I, Eric Odegard, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Valarie Unger, and in that capacity declare as follows:

On January 26, 2007, the offender was sentenced to 18 months imprisonment, three years supervised release and $6,232.05 in restitution following her conviction for Uttering and Possessing a Counterfeited Security.

On May 9, 2008, the defendant was released from custody and supervision commenced in the District of Alaska. On May 9, 2008, the defendant knowingly married a felon, Robert King, without the prior approval of the probation officer, and later advised the probation officer that she knew it was a violation but did it anyway.

On May 12, 2008, the defendant reported for an initial office visit to the probation office at which time she admitted to the use of marijuana on May 10, 2006 and signed an admission form to the use of marijuana. The defendant justified her use by saying that she does not have a problem and that she just got out of jail and it was offered and she used it, "no big deal."

On May 13, 2008, the defendant reported for a scheduled office visit to the U.S. Probation office at which time she provided a copy of her marriage license to known felon, Robert King. The marriage license certified that the defendant and Robert King were married on May 9, 2008.

On July 2, 2008, the offender signed a voluntary waiver, which was presented to the Court proposing a modification of her conditions prohibiting consumption of alcohol. On July 14, 2008, the Court ordered the special condition prohibiting consumption of any alcohol (see docket 63). This Order followed an earlier "Report on Offender on Supervised Release," in which the Court was informed of the above violations (i.e. association with a felon and use of marijuana) on May 28, 2008 (see docket 62).

On July 16, 2008, the probation officer received a voice mail message from Anchorage Police Department (i.e. Officer Falvo) that the offender had been found "highly intoxicated" under a car

in Fairview and was at the Anchorage Jail on a "non-criminal" hold, as she had given breath sample which indicated a blood alcohol level of .294. At 08:30 am the probation officer went to Anchorage Jail but was unable to talk to the offender, who was clearly too intoxicated to speak to this officer. At 13:50 hours the probation officer returned to the jail, at which time the offender provided a breath sample, which showed a blood alcohol level of .187. The offender was observed to have numerous abrasions on her arms, shoulders, and back (which were photographed). She did not remember when, how, or where she got her injuries. She admitted to purchasing and drinking a pint of vodka, beginning at 11:45 pm the previous night and three shots of "Hennesey" at 3:00 am, which she said she purchased from some "drunks" for $5, after which she remembers nothing. The offender stated that she is an alcoholic, who needs help, although she dismissed "residential" treatment as a potential course of action, stating that she would just "run away" to be with her husband. She stated that she missed her children, her husband, was still unable to quickly get into counseling at Cook Inlet Tribal Counsel or Center for Men and Women, had missed a day of taking her Topomax, and was "fucked up." She stated that she does have access to a counselor at STAR (i.e. a rape crisis center) named "Cassie" but rather than calling the crisis line, she "got it in her head" to drink and "nobody was going to stop" her. The offender advised that upon her release she would be staying at her reported residence, 1122 E. 19th, #102 to "sleep." The offender was not charged with any crime but was advised by the probation officer that the consumption of alcohol was a violation of supervised release and would be reported to the Court.

On July 17, 2008, the offender called the probation officer, who asked her where she had stayed after being released from jail. The offender said that she stayed with an unknown male in the Muldoon area and that she was still too "tipsy" to go to her reported residence at 1122 E. 19th Avenue, #102, Anchorage, Alaska, where she lives with another female and several children. She assured the officer that she still lives at that residence and would be staying there the coming evening.

On July 18, 2008, the probation officer visited 1122 E. 19th Avenue, Anchorage, Alaska and when no one answered the door a business card was left. The occupant of that residence later called the probation officer and advised that the offender had not lived at her residence for the past three weeks. The occupant had kicked the offender out of the residence after the offender had been bringing her husband, Robert King, to the residence knowing that she wasn't allowed to associate with him. The occupant stated that she did not want to be in the middle of whatever trouble that situation would bring. At present the defendant's true residence is unknown.

Executed this 18th day of July 2008, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Eric Odegard
U.S. Probation Officer