Randall S. Cavanaugh
KALAMARIDES & LAMBERT
711 H Street, Suite 450
Anchorage, AK 9951
P: (907) 276-2135
F: (907- 278-8514
E:  randall@kalamarides.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:06-cr-00065-RRB-JDR |
| Plaintiff, ) | |
| ) | |
| v. ) | **DISPOSITION MEMORANDUM** |
| ) | |
| VALERIE ROSE UNGER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW the Defendant, Valerie Rose Unger, by and through her attorney, Randall S. Cavanaugh of KALAMARIDES & LAMBERT, and hereby files this sentencing memorandum to aid the court in the final revocation hearing.

**I.      Status of Proceedings**

Ms. Unger-King has admitted to three C-grade violations (allegations 1-3). The prosecution has dismissed allegation 4. The parties reached an agreement to have Ms. Unger-King

placed in Akeela House for treatment. There is bed space available. It was contemplated that disposition on the matter would be after her completion of treatment at Akeela House. Per Ms. Mader, the local half-way house will not accept Ms. Unger-King back for placement.

Ms. Unger-King has an OCS case opened with the state of Alaska. They are working with her on a case plan in order to meet the child protection concerns. The State of Alaska wants her to address substance abuse and mental health issues so she can be a proper mother for her child.

The guardian ad litem, Pam Montegomery, wants the defendant to remain in Alaska and be in treatment. The GAL wants Ms. Unger-King to have visits with her children. This would allow Ms. Unger-King to have the possibility of regaining her children.

**II.    The Offender**

Ms. Unger-King is a young offender that has a history of mental health issues that dates back to her childhood. Ms. Unger-King's mental health needs are treated with various medications.

She was released from custody and onto supervised released. Needless to say, it has been a bumpy start as she has admitted to violating supervised release in three ways: 1) getting married to a felon without permission; 2) smoking marijuana; and 3) she drank when she was not supposed to and to excess. Ms. Unger-King met her husband, Robert King, in the half-way house where they both were placed by federal probation. The two were married without permission. Per PACER, Mr. King is awaiting a psychological evaluation and disposition before the federal court. Mr. King is represented by the Federal Public Defenders.

Ms. Unger-King also suffered a set-back when she was sexually assaulted. The case is currently under investigation by APD. This was noted in the update to the court.

However, on the positive side, Ms. Unger-King set up appointments for services. She is working her Office of Children Services Case plan. Before her incarceration, she had appointments for mental health and assessments for substance abuse. Ms. Unger-King was keeping in contact with the social worker, guardian ad litem. Ms. Unger-King has court-appointed counsel for her OCS case. Thus there are a lot of eyes on Ms. Unger-King and available to help her keep on track. She also wants her husband to be part of her treatment program. Ms. Unger-King also was scheduled to start work, however her incarceration prevented her from even completing the initial training as a teeth whitening technician.

Ms. Unger-King also started Charter College. She enrolled in the Computerized Office Specialist Certificate. She was scheduled for 14.10 credits. She has not completed the program and her last day of attendance was June 20, 2008 per the letter received from Karen Dagley of Student Services dated August 1, 2008. It is hoped that Ms. Unger-King will be able to restart the program upon her completion of residential treatment under some sort of hardship provision.

Ms. Unger-King, recognizing her needs, had agreed to enter Akeela House for treatment. Ms. Unger-King has made a commitment to sobriety and being part of her child's life.

**III.    The Offense**

The basic facts of the underlying violations are not in dispute. Ms. Unger-King agrees she needs treatment and structure. There is a disagreement with how Ms. Unger-King has been handled by the State of Alaska. First, it has been determined that she has mental health issues by

her doctor and the Federal Bureau of Prisons. The State of Alaska has overridden that diagnosis. Ms. Unger was not receiving her medications.

**IV.     Sentencing Considerations**

Since  Ms. Unger-King has admitted to three (3) Grade C violations, the court could sentence the defendant up to 2 years of incarceration. Under the table as part of 7B1.4, given her criminal history, the range is 6-12 months.

Under 18 USC 3583(d), the court should strongly consider the plan contemplated by the prosecution, probation and the defense of Ms. Unger-King entering Akeela house for treatment. Under 18 USC 3583(d), the court is to availability of substance abuse treatment.

There are several points that should be addressed by the court.  First, Ms. Unger-King has some mental health issues that make her the easy prey of others that are not so inclined.  From the record, it is substantiated that Ms. Unger-King' reduced mental capacity is not related to the voluntary use of drugs.  U.S.S.G. section 5K2.13 (diminished capacity).  It is noted that the goal of this guideline is lenity towards defendants whose ability to make reasonable decisions is impaired.  United States v. Cantu, 12 F. 3d 1506, 1516 (9th Cir. 1993).

The court should also consider U.S.S.G. section 5H1.1 (the defendant's extraordinary mental and emotional condition).  It should be noted that Ms. Unger-King, while incarcerated and away from drugs (and was on medication from the Department of Corrections), still manifested significant mental health and emotional issues to where she was given a mental health diagnosis by the Federal Bureau of Prisons and Alaska Native Medical Center. It is believed she was

diagnosed, amongst other things, as being Bi-Polar. Ms. Unger-King's mental and emotional issues are substantiated factors that should be considered by the court.

The court should consider the history of sexual abuse of the defendant. Ms. Unger-King states she was sexually abused as a child and she has had trouble coping with her childhood. It is readily apparent, given Ms. Unger-King's conduct during childhood and while incarcerated, that there is a diminished mental capacity at work. Ms. Unger-King wants to be law abiding and compliant, but there are acting out behaviors that result in non-compliance.

As noted in Penry v. Lynaugh, 492 U.S. 302, 319 (1989), evidence about a defendant's background is relevant because the belief that is long held by society is that defendants who commit criminal acts that are attributable to a disadvantaged background or to emotion or mental problems may be less culpable than defendant's who have no such excuse.

## CONCLUSION

The court should either not impose additional jail time or, in the alternative delay disposition to see if Ms. Unger-King completes treatment and then decide the appropriate sanction for the violations. Ms. Unger-King should be placed at Akeela House by her probation officer. Ms. Unger-King should continue to be supervised and allowed to worker her OCS treatment plan.

DATED this 7th day of August, 2008, at Anchorage, Alaska.

                 KALAMARIDES & LAMBERT
                 Attorneys for Defendant

By:  /s/ Randall S. Cavanaugh
    Randall S. Cavanaugh, ABA #8812215
    KALAMARIDES & LAMBERT
    711 H Street, Suite 450
    Anchorage, AK 9951
    P: (907) 276-2135
    F: (907- 278-8514
    E: randall@kalamarides.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies, pursuant to App. R. 513.5, that the font used in the aforementioned documents was Times New Roman 13 point. I further certify that a true and correct copy of the foregoing was served via **electronic mail** this 7th day of August, 2008, on:

Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513

I further certify that a true and correct copy of the foregoing was served via **email** this 7th day of August, 2008, on:

Marry Geddes
U.S. Federal Public Defender's Office
601 W. 5th Ave., Ste 800
Anchorage, AK 99501

 /s/ Randall S. Cavanaugh
  Kalamarides & Lambert

USA v. Valerie Rose Unger
Case No. 3:06-cr-00065-RRB-JDR
Page 6